UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY JO TODD,<br><br>Plaintiff,<br><br>v.<br><br>TROY L. NUNLEY, et al.,<br><br>Defendants. | No. 2:18-cv-02499-WBS-KJN PS<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff Toby Jo Todd, who proceeds in this action without counsel,[1] has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court concludes that defendants are immune from plaintiff's suit. Accordingly, the court recommends that the action be dismissed and that plaintiff's application to proceed *in forma pauperis* in this court be denied as moot.

"Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . . Judicial immunity applies however erroneous the act may have been, and

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

however injurious in its consequences it may have proved to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). A judge can lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a judge's authority (which remain absolutely immune) from those acts taken in clear absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 12-13 (1991) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority"). Thus, for example, in a case where a judge actually ordered the seizure of an individual by means of excessive force, an act clearly outside of his legal authority, he remained immune because the order was given in his capacity as a judge and not with the clear absence of jurisdiction. Id.; see also Ashelman, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of jurisdiction . . . or performs an act that is not judicial in nature").

Here, plaintiff seeks six million dollars in damages from defendants United States District Judge Troy L. Nunley and United States Magistrate Judge Allison Claire. (ECF No. 1 at 7.) According to plaintiff, she previously brought an action in federal court in the Eastern District against an attorney she had been appointed in Ohio as part of child custody case. (Id. at 3.) Plaintiff asserts that in this prior federal case, defendants violated her due process by denying her "motion of discovery" and dismissing the case. (Id. at 3-4.)

Clearly, plaintiff seeks monetary relief from two federal judges for actions they took within their jurisdiction—denying a motion and dismissing a case. Indeed, such actions are quintessential examples of judicial acts. Therefore, defendants are immune from this suit, "however erroneous the act[s] may have been." Ashelman, 793 F.2d at 1075. Plaintiff's proper course of action to redress any erroneous rulings by defendants was to appeal those rulings to the Ninth Circuit Court of Appeals.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed due to judicial immunity.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.

3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations.  <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  January 8, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE